**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**Moe SCHARFSTEIN & Phil Scharfstein, d/b/a Stein-Way Clothing Company, Respondents.**

**No. 11984.**

United States Court of Appeals, Sixth Circuit.

Dec. 2, 1953.

George J. Bott, A. Norman Somers, Washington, D. C., John C. Getreu, Regional Director N. L. R. B., Atlanta, Ga., for petitioner.

Harold M. Humphreys, Chattanooga, Tenn., for respondent.

PER CURIAM.

The National Labor Relations Board, having on March 31, 1953 issued an order against Respondents, and having filed its brief and record in the above case, and subsequent thereto having filed its motion for summary entry of decree due to Respondents' failure to file a counter-designation and brief, this Court on being fully advised in the premises handed down its decision granting said motion. In conformity therewith, it is hereby

Ordered, adjudged and decreed that the Respondents, Moe Scharfstein & Phil Scharfstein, d/b/a Stein-Way Clothing Company, their officers, agents, successors and assigns shall:

1. Cease and desist from:

(a) Refusing to bargain collectively with United Textile Workers of America, AFL, as the exclusive representative of all their employees in the appropriate unit with respect to rates of pay, wages, hours of employment, or other conditions of employment, and failing or refusing to furnish the union a list of employees with their job classifications, date of hire and rate of pay, information as to piece rate computation and studies in connection with work load grievances;

(b) Threatening employees concerning their union activities; and

(c) In any like or related manner interfering with, restraining, or coercing their employees in the exercise of the right to self-organization, to form labor organizations, to join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all of such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158(a) (3).

2. Take the following affirmative action, which the National Labor Relations Board has found will effectuate the policies of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq.

(a) Upon request, bargain collectively with United Textile Workers of America, AFL, as the exclusive representative of the employees in the appropriate unit, furnish the union a list of employees with their job classifications, date of hire and rate of pay, information as to piece rate computation and studies in connection with work load grievances, and embody in a signed agreement any understanding reached;

(b) Post at their plant in Johnson City, Tennessee, copies of the notice attached hereto and marked Appendix A. Copies of said notice, to be furnished by the Regional Director for the Tenth Region of the National Labor Relations Board, Atlanta, Georgia, shall, after being duly signed by the Respondents' representative, be posted by the Respondents immediately upon receipt thereof,

and be maintained by them for sixty (60) consecutive days thereafter, in conspicuous places, including all places where notices to their employees are customarily posted. Reasonable steps shall be taken by the Respondents to insure that said notices are not altered, defaced, or covered by any other material; and

(c) Notify the aforesaid Regional Director for the Tenth Region, in writing, within ten (10) days from the date of this Decree, what steps have been taken to comply herewith.

Appendix A

Notice to All Employees

Pursuant To

A Decree

of the United States Court of Appeals, enforcing an order of the National Labor Relations Board, and in order to effectuate the policies of the National Labor Relations Act, as amended, we hereby notify our employees that:

We Will bargain upon request with United Textile Workers of America, AFL, as the exclusive representative of all employees in the bargaining unit described herein with respect to rates of pay, hours of employment, or other conditions of employment, and embody in a signed agreement any understanding reached. The bargaining unit is:

All production and maintenance employees at the Johnson City, Tennessee, plant, including the shipping clerk, janitor, and machine operators Peake and Campbell, but excluding office, clerical, and professional employees, guards, and supervisors as defined in the Act.

We Will furnish the Union upon request a list of employees with their job classifications, date of hire and rate of pay, information as to piece rate computation and studies in connection with work load grievances.

We Will Not threaten employees concerning their union activities.

We Will Not in any like or related manner interfere with, restrain, or coerce our employees in the exercise of the right to self-organization, to form labor organizations, to join or assist United Textile Workers of America, AFL, or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the Act.

Moe Scharfstein & Phil Scharfstein, d/b/a Stein-Way Clothing Company

_____
(Employer)

Dated——— By ——————————
(Representative) (Title)

_____

This notice must remain posted for 60 days from the date hereof, and must not be altered, defaced, or covered by any other material.